WILLIAMS *et al.*

*v.*

REYNOLDS *et al.*

(*Supreme Court of Appeals of Virginia, July 1, 1897.*)

[27 S. E. Rep. 600.]

**Judicial Sales—Commissioner's Deed to Persons Other Than Purchaser —Acquiescence of Purchaser—Effect.***

A commissioner who sold lots under a decree made deeds to third persons whom he claimed were vendees of the purchaser. The latter and her husband stood by for nine years after the deeds were made without making any complaint or claim to the lots, and in the meantime the lots passed through the hands of several successive owners: *held*, that their silence was inconsistent with a claim of ownership afterwards set up by them.

Appeal from circuit court, Washington county.

Petition by Josephine B. Williams and W. F. Williams, her husband, against A. D. Reynolds, D. F. Bailey, Williams & Keebler, and others to set aside deeds to Reynolds and Williams & Keebler, made by Bailey, as special commissioner, conveying certain lots sold by said commissioners to petitioner Josephine B. Williams, under decrees in a certain cause in which the petition was filed. From a decree dismissing the petition, petitioners appeal. Affirmed.

*A. H. Blanchard*, for appellants.

*H. G. Peters* and *Fulkerson, Page & Hurt*, for appellees.

---

*See monographic note on "Judicial Sales" appended to Walker *v.* Page, 21 Gratt. 636 (Va. Rep. Anno.).

HARRISON, J., delivered the opinion of the court.

On the 13th day of May, 1892, Josephine B. Williams and W. F. Williams, her husband, appellants here, filed their petition in the chancery cause of "Sheffey & Gilmore, Commissioners, v. C. C. Campbell and Others," pending in the circuit court of Washington county, alleging that, under decrees theretofore rendered in said cause, D. F. Bailey and U. L. York, special commissioners, had sold to Josephine B. Williams, on the 27th day of August, 1877, a lot on Virginia street, in Goodson, Va., and also a lot or parcel of land in the same city lying between Buckner's alley and a creek ; that these sales had been duly confirmed to her, the purchase money subsequently-paid, and a decree entered directing D. F. Bailey, as commissioner, to make her deeds to each of said lots ; and that said D. F. Bailey, commissioner, had on the 14th day of December, 1884, reported to the court that he had made petitioner deeds to the lots ; and that this report had been confirmed.

It is further alleged without legal authority, and in fraud of petitioner's rights, Commissioner Bailey did, on the 3d of December, 1883, convey the Virginia street lot to one A. D. Reynolds, and on the 31st of January, 1884, conveyed the other lot to Williams & Keebler, and that said commissioner now refuses to make petitioner deeds to said lots, as ordered by the decree.

The petition makes Commissioner Bailey, A. D. Reynolds, Williams & Keebler, and certain alienees of theirs, parties defendant ; asks that the petition be, if necessary, treated as a cross bill ; and prays that the deeds complained of be declared void, and that the commissioner be required to make petitioner deeds in accordance with the decree of the court.

All of the defendants unite in a joint and separate demurrer and answer, admitting most of the allegations of the petition. They deny, however, the allegation that the commissioner had

conveyed the lots mentioned to Williams & Keebler and to A. D. Reynolds, respectively, without legal authority, and in fraud of petitioner's rights. They say it is true the deeds to the lots were not made to petitioner directly, but that it is equally true that they were executed to her vendees in both instances, and by the written order and request of petitioner and her husband.

As to the deed made to Keebler & Williams, it appears that both Mrs. Williams and her husband united in the conveyance, stating on the face of it that they desired the lot mentioned therein to be conveyed to Keebler & Williams, her vendees. When confronted with this deed, appellants attempt to avoid its effect by showing that it was signed and acknowledged (but not delivered), and placed in the hands of Commissioner Bailey, to protect Mrs. Williams from debts that might come against the estate of her father. How the debts referred to could affect her does not appear. Mrs. Williams further testifies that she executed the deed in consequence of restraint, and under influence practiced upon her by her vendees, Messrs. Keebler & Williams, and by Commissioner Bailey. These reasons given for having executed this deed are wholly inconsistent. No such charge is made in the petition, and it is not supported by the evidence.

The contention of appellants that Commissioner Bailey had no authority to convey the Virginia street lot to A. D. Reynolds is disproved by the evidence. It satisfactorily appears that Mrs. Williams and her husband united in a written order authorizing and directing the commissioner to convey the lot to A. D. Reynolds, who, it further appears, had bought it from Mrs. Williams, and paid her therefor $75, which was nearly twice the amount she had paid for it at the commissioner's sale.

It may be further added that appellants have stood by for nine years, since these deeds were made, without making any

claim to these lots, or uttering one word of complaint. In the meantime the lots have passed through the hands of several successive owners. This long silence is wholly inconsistent with the claim of ownership now set up by appellants.

There is no error in the decree complained of, and it is affirmed..

BUCHANAN, J., absent.